UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
SEP 2 1 2023
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                    INDICTMENT NO. 5:23CR107-KKC-EBA

JEAN A. MEJIA-GARCIA

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## INTRODUCTION

1. At all relevant times, Lexington-Fayette Urban County Government, aka the City of Lexington (the "City"), used a federally insured financial institution account located in the Eastern District of Kentucky.

2. Shimea Maret McDonald owned and used Truist Bank Account *0109, which was opened under the name Gretson Company, LLC, by McDonald, using the identity of K.N. Gretson Company, LLC, was a shell company established in Texas on May 24, 2022, with K.N. listed as the managing member.

3. The Defendant, **JEAN A. MEJIA-GARCIA**, and his coconspirators owned and used Citibank account *0434, which was opened under the name Rchanon Enterprise, LLC, using the identity of R.C. Rchanon Enterprise LLC was a shell company established in the State of New York on February 13, 2022, with R.C. listed as the organizer.

4. McDonald and **MEJIA-GARCIA** received direction about money movement from Nana Kwabena Amuah.

## COUNT 1
## 18 U.S.C. § 1956(h)

5. Paragraphs 1 through 4 are realleged and incorporated by reference as if fully set forth herein.

6. Beginning on a date unknown, but no later than September 30, 2021, and continuing through on or about January 1, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**JEAN A. MEJIA-GARCIA**

knowingly and voluntarily combined, conspired, confederated, and agreed with Shimea Maret McDonald, Nana Kwabena Amuah, and others known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, to wit:

(a) knowingly conducting and attempting to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is wire fraud, bank fraud, and conspiracy to commit wire fraud and bank fraud, violations of 18 U.S.C. §§ 1343, 1344, and 1349, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and

(b) knowingly engaging and attempting to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is check deposits, such property having been derived from a specified unlawful activity, that is wire fraud, bank fraud, and conspiracy to commit wire fraud and bank fraud, violations of 18 U.S.C. §§ 1343, 1344, and 1349, in violation of 18 U.S.C. § 1957.

## Manner and Means

7.  The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

8.  Through a variety of means, conspirators targeted business or municipal entities ("Targeted Entities") that had ongoing financial relationships with other entities ("Vendors"), to which the Targeted Entities owed current or future payments. Conspirators then impersonated the Vendors in email communications with the Targeted Entities and requested that the Targeted Entities wire payment to a new bank account.

9.  Once the Targeted Entities wired the funds to the conspirators' designated bank account, Nana Kwabena Amuah notified coconspirators, including Shimea Maret McDonald and **JEAN A. MEJIA-GARCIA**, so that they could attempt or actually withdraw or transfer the stolen funds in a variety of payment methods, in order to quickly move the funds from where the Targeted Entities could locate them.

10. Since 2021, Amuah had been instructing McDonald and **JEAN A. MEJIA-GARCIA** to conduct financial transactions involving victims of fraud to withdraw money, often via messages sent over Telegram, an encrypted messaging service.

11. For example, in August 2022, conspirators impersonated a nonprofit organization having business with the City over email and convinced a City official to wire funds owed to the nonprofit organization to Truist Bank account *0109. The City wired a total of $3,905,837.05 from August 19 through August 24, 2022, to Truist Bank account *0109.

12. Amuah advised McDonald that money would be sent to the Truist Bank Account. On August 17, 2022, McDonald requested that Truist Bank print eight (8) counter checks for Gretson Company, LLC, account *0109, which were to be funded by wires from the City.

13. After the first wires from the City were transferred to Gretson Company account *0109 on or about August 19, 2022, McDonald filled out one of the counter checks printed for Gretson Company, LLC, account *0109, to pay $550,000 to Rchannon Enterprise LLC. That same day, **JEAN A. MEJIA-GARCIA** deposited the $550,000 check made out to Rchannon Enterprise LLC into the Citibank Rchannon Enterprise Account *0434. On August 24, 2022, **JEAN A. MEJIA-GARCIA** attempted to wire $316,000 of this money to "KSJ Jewelers."

All in violation of 18 U.S.C. § 1956(h).

## COUNT 2
## 18 U.S.C. § 1028A

14. Paragraphs 1 through 15 are realleged and incorporated by reference as if fully set forth herein.

15. On or about February 18, 2022, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

### JEAN A. MEJIA-GARCIA

knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, R.C., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(a)(c), to wit, wire fraud, bank fraud, and conspiracy to commit wire fraud and bank fraud, knowing that the means of identification belonged to another actual person, all in violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE ALLEGATION
## 18 U.S.C. § 982

1. By virtue of the commission of the offense charged in Count One of this Indictment, **JEAN A. MEJIA-GARCIA** shall forfeit to the United States of America, any property, real or personal, involved in the violations of 18 U.S.C. § 1956 and any property traceable to such property. Any and all interest that **JEAN A. MEJIA-GARCIA** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

2. By virtue of the commission of the offense charged in Count Two of this Indictment, **JEAN A. MEJIA-GARCIA** shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly as the result

of the violation of 18 U.S.C. § 1028A. Any and all interest that **JEAN A. MEJIA-GARCIA** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(2)(B).

3. The property to be forfeited includes, but is not limited to, the following:

   **MONEY JUDGMENT:**
   A forfeiture money judgment in an amount representing the gross proceeds obtained by the defendant as a result of the offenses.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

_____
**CARLTON S. SHIER IV**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Imprisonment for not more than 20 years, $500,000 fine or twice the gross gain or loss, and 3 years supervised release.

**COUNT 2:** If convicted of one count, mandatory term of imprisonment of two years, to be served consecutive to any other sentence imposed for Counts 1.

If convicted of two or more counts: 2 years imprisonment, which may run concurrently, in whole or in part, with any other term of imprisonment imposed for Aggravated Identity Theft convictions, but consecutively to any term of imprisonment imposed on Count 1.

Plus, not more than $250,000 fine and 1 year supervised release on each count of conviction on Count 2.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.